IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT DOLEMBA, | ) | |
| on behalf of plaintiff and the class defined | ) | |
| below, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 3269 |
| | ) | |
| vs. | ) | Judge Chang |
| | ) | |
| HEARING BETTER FOR LIFE, LLC, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Scott Dolemba respectfully requests pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2 entry of an order compelling defendant to respond to plaintiff's discovery requests, without objection. In support thereof, plaintiff states:

1. Plaintiff served his first set of interrogatories, requests for admission and requests for production of documents on September 10, 2018. (Appendix A)

2. Defendant responded to plaintiff's first set of discovery requests on October 10, 2018. (Appendix B)

3. Defendant served its document production on October 30, 2018.

4. On November 2, 2018, plaintiff sent defendant a letter pursuant to Fed. R. Civ. P. 37 regarding it's objections and responses to his discovery requests ("Rule 37 letter"). (Appendix C)

5. On November 5, 2018, defendant's counsel acknowledged receipt of the Rule 37

letter and indicated he was working on a response but was unexpectedly hospitalized. (Appendix D)

6. At the court appearance on November 16, 2018, defendant's counsel requested additional time to respond to the Rule 37 letter, which plaintiff did not oppose.

7. On November 29, 2018, defendant's counsel, Ted Donner, and plaintiff's counsel, Heather Kolbus, had a telephone conference regarding outstanding discovery, including third party discovery.

8. On November 30, 2018, plaintiff's counsel emailed defendant's counsel regarding third party discovery and supplemental document production from defendant and requested another date for a phone conference. (Appendix E)

9. On December 3, 2018, counsel for the parties exchanged emails to attempt to schedule a Rule 37 telephone conference on that afternoon but were unable to connect. (Appendix F)

10. In compliance with Local Rule 37.2, on December 3, 2018, plaintiff's counsel, Heather Kolbus, contacted defendant's counsel, Ted Donner, by telephone at approximately 11:15 a.m. and 4:45 p.m. Defendant's counsel did not answer the call and plaintiff's counsel left a voicemail message after each call referenced herein pursuant to Fed. R. Civ. P. 37. Plaintiff's counsel's attempts to engage in consultation were unsuccessful due to no fault of plaintiff's counsel.

11. In compliance with Local Rule 37.2, on December 5, 2018, plaintiff's counsel, Heather Kolbus, contacted defendant's counsel, Ted Donner, by telephone at approximately 2:30 p.m. Defendant's counsel did not answer the call and plaintiff's counsel left a voicemail message

pursuant to Fed. R. Civ. P. 37. Plaintiff's counsel's attempts to engage in consultation were unsuccessful due to no fault of plaintiff's counsel.

12. On December 10, 2018, plaintiff's counsel emailed defendant's counsel requesting a Rule 37 conference. Defendant's counsel responded suggesting December 12, 2018 at 3:00 p.m. for a telephone conference. (Appendix G)

13. In compliance with Local Rule 37.2, on December 12, 2018, plaintiff's counsel, Heather Kolbus, contacted defendant's counsel, Ted Donner, by telephone at approximately 3:05 p.m. Defendant's counsel ended the call due to technical issues in that he was unable to access defendant's discovery responses and/or plaintiff's discovery requests. Plaintiff's counsel's attempts to engage in consultation were unsuccessful due to no fault of plaintiff's counsel.

14. On December 12, 2018, the parties again exchanged email correspondence regarding the outstanding discovery issues. (Appendix H) Defendant's counsel stated that he had a draft response to plaintiff's Rule 37 letter that was going to be sent after reviewing with defendant. Defendant's counsel indicated that the letter would be sent by December 13, 2018.

15. On December 13, 2018, the parties attempted to schedule a telephonic Rule 37 conference for December 14, 2018. (Appendix I)

16. On December 14, 2018, plaintiff's counsel emailed defendant's counsel to attempt to schedule a telephonic Rule 37 conference. (Appendix J) Plaintiff's counsel also mentioned that the defendant's response to the Rule 37 letter had not been received.

17. On December 17 and 18, 2018, counsel for the parties exchanged email correspondence in an attempt to schedule a telephonic Rule 37 conference and plaintiff's counsel again requested that defendant's counsel resend its response to plaintiff's Rule 37 letter.

(Appendix K) As of the date of this motion, defendant has never resent and plaintiff has never received the defendant's December 12, 2018 correspondence.

18. On December 18 and 19, 2018, the parties exchanged additional email correspondence in an attempt to schedule a telephonic Rule 37 conference and plaintiff's counsel again requested that defendant's counsel resend its response to plaintiff's Rule 37 letter. (Appendix L) The parties agreed to have a telephonic Rule 37 conference on December 20, 2018 at 11:00 a.m.

19. On December 20, 2018, 5 minutes prior to the scheduled Rule 37 conference, plaintiff's counsel received defendant's response to the Rule 37 letter. Plaintiff's counsel requested that the call be postponed for 15 minutes to review the defendant's response. (Appendix M)

20. On December 20, 2018, defendant responded to the November 2, 2018 letter stating that additional documents and supplemental responses were forthcoming. (Appendix N)

21. In compliance with Local Rule 37.2, on December 20, 2018, plaintiff's counsel, Heather Kolbus, contacted defendant's counsel, Ted Donner, by telephone at approximately 11:15 a.m. After consultation by telephone and in good faith, the parties were able to reach an accord on several of the issues presented in plaintiff's counsel's November 2, 2018 Rule 37 letter.

22. The December 20, 2018 call was abruptly ended due to technical issues of defendant's counsel. Plaintiff's counsel outlined the remaining issues in an email on December 20, 2018 and requested a time frame for a return call. (Appendix O)

23. During the December 20, 2018 call, defendant's counsel stated that the

defendant's supplemental document production would commence on December 20, 2018.

24. On December 21, 2018, plaintiff's counsel sent defendant's counsel an email stating that plaintiff had not yet received any additional documents as promised. (Appendix P) To date, defendant's counsel has not responded to that email.

25. In compliance with Local Rule 37.2, on December 28, 2018, plaintiff's counsel, Heather Kolbus, contacted defendant's counsel, Ted Donner, by telephone at approximately 2:15 p.m. Defendant's counsel did not answer the call and plaintiff's counsel left a voicemail message pursuant to Fed. R. Civ. P. 37 and mentioned that the additional documents and supplemental responses promised on December 20, 2018 had not been received. Plaintiff's counsel's attempts to engage in consultation were unsuccessful due to no fault of plaintiff's counsel. Defendant's counsel's voicemail message did not indicate that he was out of the office.

26. Plaintiff submits that the following issues were not addressed by defendant in its response to the Rule 37 letter or were unresolved after the December 20, 2018 telephonic Rule 37 conference: defendant's response to Requests for Production of Documents 1, 2, 10, 20 and 27.

## Requests for Production of Documents

1. All of HBFL's insurance policies for any portion of the policy period from May 8, 2014 to the present, that refer to advertising injury or property damage or invasion of privacy.

    **ANSWER:** HBFL objects to this request to the extent it seeks the production of policies which would not provide coverage for the claims at issue in this case as a matter of law, which policies are thus irrelevant to these proceedings and unlikely to lead to the discovery of admissible evidence. Without waiving this objection, HBFL is in possession of no such policies.

2. All correspondence to or from HBFL and any insurance company, broker, or agent concerning or relating to a reservation of rights or denial of coverage.

      **ANSWER:** HBFL objects to this request as the same calls for the production of communications which are subject to the insurer-insured privilege as set forth in *Waste Management v. International Surplus Lines Ins. Co.*, 144 Ill.2d 178, 5769 N.E.2d 211 (1991). Without waiving this objection, HBFL is in possession of no such correspondence.

      ***DEFENDANT'S SUPPLEMENTAL RESPONSES TO REQUESTS 1-2***: Your questions with regard to Requests 1 and 2 maybe just call for clarification. We do not have any policies that would provide coverage for the injuries such as those claimed by plaintiff. Are you nevertheless asking to see whether there is a CGL policy which would cover property damage in the event of a slip and fall? For the reasons stated with regard to Request 1, there is also no correspondence responsive to Request 2.

      ***PLAINTIFF'S POSITION:*** Defendant's responses go to whether there is coverage for the claims alleged in the complaint. Plaintiff's requests do not ask for defendant's opinion on whether there is insurance coverage for the claims alleged but rather seeks production of insurance policies that refer to advertising injury or property damage or invasion of privacy. These may be CGL or professional liability policies. Insurance policies are relevant and discoverable and they are "required disclosures" under Fed. R. Civ. P. 26(a)(1)(A)(iv).

      Disclosure of insurance information is necessary "to enable counsel for both sides to make the same realistic appraisal of the case so that settlement and litigation strategy are based on knowledge and not speculation." *Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154, 161 (N.D. Iowa 1994). If defendant has not submitted this claim to its carrier(s), and for that reason, has no correspondence responsive to Request 2, plaintiff is also entitled to discovery on that issue, so it may give notice of this lawsuit to any carrier in the event defendant has not already done so. Disclosure of the entire policy is also contemplated by Fed. R. Civ. P. 26(a)(1)(D). Therefore,

plaintiff should be entitled to obtain insurance policies for the duration of the statutory time period at issue in this case.

Plaintiff also request disclosure of any and all communications between the insurer and insured. At the time coverage was denied, any communications from the insurer were adverse to defendant and thus, there is no attorney-client privilege that can attach because no defense was being provided. *Benvenuto v. Action Marine, Inc.*, 91 C 7365, 1992 WL 194649, at *1-2 (N.D. Ill. Aug. 6, 1992). Defendant may be able to claim attorney-client privilege for those communications *after* it accepted the defense of the insurer, but defendant's claim of privilege cannot extend as broadly as defendant contends. Furthermore, letters denying insurance coverage are discoverable.

>    10. All documents that HBFL reviewed or relied upon in answering the Interrogatories or Requests to Admit that plaintiff directed to HBFL.
>
>    **ANSWER:** HBFL objects to this request to the extend that it calls for the disclosure of attorney work-product and/or the substance of attorney-client communications. Without waiving these objections, HBFL incorporates each and all of the documents produced in discovery herein as the same have been or are being reviewed or relied upon by HBFL in connection with its responses to the aforesaid discovery responses.

*PLAINTIFF'S POSITION*: Defendant has stated that it will provide a privilege log, but its December 20, 2018 correspondence did not specifically address this request. Defendant has failed to label its document production responsive to this request pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i). Over 100 pages of defendant's 269 page document production are other complaints plaintiff or his wife filed, docket searches of other cases plaintiff filed, or internet searches of plaintiff, of which plaintiff struggles to determine how these documents are responsive to this request. (HBFL 9-64, 135-138, 155- 208) Plaintiff should not have to guess

which documents defendant produced are responsive to the request. Defendant should be compelled supplement its response to this request.

    20. All documents HBFL plans to use to support its affirmative defenses.

**ANSWER:** HBFL objects to this request to the extent that it calls for the disclosure of attorney-work product and/or the substance of attorney-client communications. Without waiving these objections, HBFL is currently unable to determine how the exhibits it might use at trial could be in any way limited and HBFL therefore reserves the right to introduce any and all documents produced in discovery herein and the same are thus incorporated by reference in response to this request.

    27. All documents that support the factual basis of defendant's denial of any of the allegations alleged in plaintiff's complaint.

**ANSWER:** HBFL objects to this request to the extent that it calls for the disclosure of attorney-work product and/or the substance of attorney client communications. Without waiving these objections, inasmuch as HBFL contends that the record as a whole supports the positions it is taking in the pleadings in this case, HBFL incorporates each and all of the documents produced in discovery herein, by reference in response to this request.

***DEFENDANT'S SUPPLEMENTAL RESPONSES TO REQUESTS 20 and 27:*** Maybe I do not understand Requests 20 and 27, are they intended to be something like contention interrogatories?

***PLAINTIFF'S POSITION:*** Defendant has stated that it will provide a privilege log. With respect to Request 20, defendant's response states that it is unable to determine how documents may be used at trial. However, Request 20 seeks production of documents not to be used at trial but rather during the litigation regarding defendant's affirmative defenses. To the extent defendant has any responsive documents, they should be produced now so that the parties have an adequate opportunity to explore the merits of any defenses. Plaintiff is entitled to discovery on defendant's affirmative defenses, and does not have to wait until trial to receive responsive documents. There are certainly some documents that defendant currently has in its

8

possession, custody and control that it intends to rely on in support of its affirmative defenses.

Defendant's response to Request 27 is overinclusive and generally non-responsive. Defendant responds that the record as a whole supports the positions it takes in its answer and references generally its document production. Defendant's answer does not respond to the request and instead burdens plaintiff to try to determine which of its documents are responsive to this request. Defendant's response does not comply with Fed. R. Civ. P. 34(b)(2)(E)(i). For example, defendant denied paragraph 10 in the complaint which alleges that defendant placed the call to plaintiff's cell phone and paragraph 13 in the complaint which alleges that defendant is responsible for making or causing the placement of unsolicited automated phone calls. How are the documents defendant produced referenced above, (HBFL 9-64, 135-138, 155- 208), responsive to these requests? Defendant fails to identify which documents are responsive to these denials, as well as others, as set forth in its answer. Defendant should be compelled to supplement its responses and production.

27. In addition to the above-mentioned Requests, plaintiff respectfully requests that defendant be compelled to respond without objection to the remaining discovery requests agreed upon in defendant's December 20, 2018 correspondence. (Appendix N)

WHEREFORE, plaintiff respectfully requests pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2 entry of an order compelling defendant to respond to plaintiff's discovery requests, without objection.

Respectfully submitted,

s/ Heather Kolbus
Heather Kolbus

Daniel A. Edelman

9

Heather Kolbus
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200

## **CERTIFICATE OF SERVICE**

I, Heather Kolbus, certify that on December 31, 2018, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF system which caused notice via email to be sent to the following:

Ted A. Donner - tdonner@donnerco.com
Donner & Company Law Offices, LLC
1125 Wheaton Oaks Court
Wheaton, IL 60187


                                                    s/ Heather Kolbus
                                                    Heather Kolbus


Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200