IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case no. 18 CV 3269 |
| v. ) | |
| ) | Hon. Edmond E. Chang |
| HEARING BETTER FOR LIFE ) | |
| LLC, et al., ) | Mag. Judge Michael T. Mason |
| ) | |
| Defendants. ) | |

**HBFL'S RESPONSE TO DOLEMBA'S MOTION TO COMPEL**

HEARING BETTER FOR LIFE, LLC ("HBFL"), by its undersigned attorneys and pursuant to Rule 37, hereby submits the following in response to the Motion to Compel filed by Plaintiff SCOTT DOLEMBA ("Dolemba"):

**I. BACKGROUND**

Local Rule 37.2 provides in relevant part as follows:

"To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation."

Dolemba's motion includes a lengthy recitation of efforts ostensibly intended to demonstrate compliance with Local Rule 37.2 but the exclusions from that narrative are what more clearly tell that story. For most every instance of Dolemba's supposed attempt at

1

consultation, there was an exchange of dialogue which has been either glossed over or edited out entirely from Dolemba's recitation. Most notably, Dolemba's summary of the facts leaves out the following:

- When Kolbus confirmed that the parties could meet and confer on October 4, 2018, the time she was suggesting was just 15 minutes later. HBFL's counsel responded within a half hour, when we first saw the email, but by then the time has passed. *See* Ex. 1.

- HBFL's responses to discovery were tendered to Dolemba on October 10, 2018, with a request that the parties meet and confer right away. *See* Ex. 2. Dolemba's counsel did not respond until a week later. *See* Ex. 3.

- The Rule 37 letter referenced by Dolemba in the motion to compel was received when counsel was in the hospital for the first time (as the Court was advised at the last status hearing). *See* Ex. 4. We nevertheless made arrangements to discuss the issues with counsel and did not "ignore" their requests.

- HBFL has consistently agreed to Dolemba's requests for additional time and/or rescheduling court appearances to accommodate personal concerns. *See, e.g.* Exs. 5-6.

- The problem has often been one of logistics, a concern that has made it difficult for both sides. We have requested, for example, but Dolemba's counsel has had difficulty planning conferences in advance because of other matters. *See* Ex. 7.

- The letter of December 20, 2018 which is referenced in the motion to compel is one which HBFL's counsel drafted to try and resolve some of the concerns the parties had been talking about between Thanksgiving and the Christmas holiday. *See* Ex. 8.

- We do not have record of the telephone call Dolemba's counsel apparently tried to initiate after Christmas but have been trying to get documents to her through Dropbox prior to then and since. As we advised counsel and the court's clerk, the undersigned was hospitalized again just after the first of the year because of a problem with dehydration (related to my prior heart attack) and a related concussion. *See* Ex. 9 (Affidavit of Ted Donner). That ongoing health concern has been unexpectedly serving to delay our ability to get things done as quickly as might be possible otherwise but has hopefully now been resolved in its entirety. *Id*.

This Court should thus know that HBFL has made every reasonable effort to respond to Dolemba's requests and continues to do so, notwithstanding a strategy which appears to be focused more, in some ways, on trying to increase the workload for all concerned than with actually getting to the truth of the claims at issue in this case. Even according to Dolemba's own filing, there was one attempt at a phone call, and one alone, after the letter of December 20, 2018, and that was a call ostensibly made over the holiday and just prior to filing the current motion to compel. It is for these reasons then, including those stated in the remainder of this response brief, that HBFL opposes the motion to compel filed by the plaintiff in this case.

## II. DISCUSSION

**A.     Dolemba's Motion Should be Denied as to Requests for Production nos. 1 and 2.**

The requests at issue in the first section of Dolemba's motion to compel involve whether there may be insurance coverage available in this case. There are two specific requests at issue, one for insurance policies and the other for correspondence with regard to such policies:

> "1.     All of HBFL's insurance policies for any portion of the policy period from May 8, 2014 to the present, that refer to advertising injury or property damage or invasion of privacy.
>
> "2.     All correspondence to or from HBFL and any insurance company, broker, or agent concerning or relating to a reservation of rights or denial of coverage." Motion, pg. 5.

Dolemba claims that this Court should compel HBFL to produce such policies notwithstanding HBFL's confirming there is no available coverage because, Dolemba claims:

> "Defendant's responses go to whether there is coverage for the claims alleged in the complaint. Plaintiff's requests do not ask for defendant's opinion on whether there is insurance coverage for the claims alleged but rather seeks production of insurance policies that refer to advertising injury or property damage or invasion of privacy. ...If defendant has not submitted this claim to its carrier(s), and for that reason, has no

correspondence responsive to Request 2, plaintiff is also entitled to discovery on that issue, so it may give notice of this lawsuit to any carrier in the event defendant has not already done so...." Motion, pgs. 6-7.

HBFL advised Dolemba in its initial Rule 26 Disclosure and again in its responses to discovery that the company does not have any insurance coverage for the losses alleged in this case. Notwithstanding Dolemba's argument to the contrary, HBFL would be entitled to claim privilege as to communications between the company and its insurer with regard to such coverage, regardless of whether there had been any dispute, because the insurer and insured nevertheless have a common interest as to Dolemba. *See Waste Management, Inc. v. Inter. Surplus Lines Ins. Co.*, 144 Ill.2d 178, 579 N.E.2d 322 91991) ("[U]nder the common interest doctrine the attorney-client privilege is unavailable to insureds [to shield communications from its insurer]"). But whether such communications would be privileged in this case is irrelevant since, as HBFL confirmed in response to the discovery originally, there are no such communications. There is thus nothing more to disclose in response to these requests and Dolemba's motion should therefore be denied.

**B.      Dolemba's Motion Should be Denied as to Request for Production no. 10.**

The request at issue in the second section of Dolemba's motion to compel is as follows:

"10. All documents that HBFL reviewed or relied upon in answering the Interrogatories or Requests to Admit that plaintiff directed to HBFL." Motion, pg. 7.

Dolemba claims, in turn, that a more detailed production should be compelled because:

"*** Defendant has failed to label its document production responsive to this request pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i). Over 100 pages of defendant's 269 page document production are other complaints plaintiff or his wife filed, docket searches of other cases plaintiff filed, or internet searches of plaintiff, of which plaintiff struggles to determine how these documents are responsive to this request. (HBFL 9-64, 135-138, 155- 208) Plaintiff should not have to guess which documents defendant produced are

responsive to the request. Defendant should be compelled [to] supplement its response to this request." Motion, pgs. 7-8.

The request referenced by plaintiff is not one which seeks the identification of documents relied upon in answer to a specific interrogatory but, instead, asks for HBFL to identify "all" of the documents reviewed by HBFL in answering the discovery in this case. Motion, pg. 7. That section of Rule 34 which Dolemba references provides, moreover, that "[a] party must produce documents as they are kept in the usual course of business **or** must organize and label them to correspond to the categories in the request" (emphasis added).

The documents produced were thus provided in compliance with Rule 34 and Dolemba's request for relief, on this discovery, should therefore be denied. HBFL is prepared to answer specific questions (as we did when we pointed out to Dolemba's counsel that the documents produced with regard to his history in class actions may prove relevant and was thus responsive to the request for any documents HBFL might later want to use at trial), but the way Dolemba is presenting this issue to the Court differs substantially to how it was presented prior to this motion to compel and, even now, it remains unclear how much additional detail Dolemba is seeking with regard to any specific requests or interrogatories. *See also Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *25-26, 2015 WL 5158712 (N.D. Ill. 2015) ("Although the term, 'fishing expedition,' is a shibboleth routinely appearing in defendants' oppositions to motions to compel, it is nonetheless true that 'without some reason to conclude that the pond might be stocked, one cannot demand to 'fish.'""). The motion should therefore be denied.

**C.     Dolemba's Motion Should be Denied as to Requests for Production nos. 20 and 27.**

Dolemba, finally, asks for HBFL to be compelled to provide more detailed responses to

what are inherently burdensome and overly broad requests with regard to HBFL's strategies and how literally all of the evidence in this case may be organized:

> "20. All documents HBFL plans to use to support its affirmative defenses.
>
> "27. All documents that support the factual basis of defendant's denial of any of the allegations alleged in plaintiff's complaint." Motion, pg. 8.

Dolemba claims that HBFL has somehow held back documents that might be responsive to these requests when the discovery itself demonstrates otherwise. HBFL has produced everything in its possession and control which may be used to support its claims and defenses and has continued to supplement its response as additional documents have been located and/or determined to be even tangentially relevant. *See also Todd v. Agr Group. Inc.*, 2014 U.S. Dist. LEXIS 200007, *6 ((N.D. Ill. 2014) ("Finally, no. 18 asks AGR to identify any exhibits it intends to use at trial. AGR argues that this request is premature and the Court agrees. Fact discovery is still open, expert discovery hasn't even started yet, and no trial date has yet been set").

Dolemba's additional claim, that HBFL should be required to review each and all of the documents produced in discovery and categorize them according to specific denials in the pleadings also contemplates a remarkably burdensome and unnecessarily harassing procedure. Rule 34 does not require such an effort (it requires only that documents be produced "as they are kept in the usual course of business") and there is no need for such an exercise in this case. *See also Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *22-23, 2015 WL 5158712 (N.D. Ill. 2015) ("The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest"). Dolemba nevertheless claims that something more should be done:

> "*** With respect to Request 20, defendant's response states that it is unable to determine how documents may be used at trial. However, Request 20 seeks production of documents not to be used at trial but rather during the litigation regarding defendant's affirmative defenses. To the extent defendant has any responsive documents, they should be produced now so that the parties have an adequate opportunity to explore the merits of any defenses. ...Defendant's response to Request 27 is overinclusive and generally non-responsive.... Defendant's response does not comply with Fed. R. Civ. P. 34(b)(2)(E)(i). For example, defendant denied paragraph 10 in the complaint which alleges that defendant placed the call to plaintiff's cell phone and paragraph 13 in the complaint which alleges that defendant is responsible for making or causing the placement of unsolicited automated phone calls. How are the documents defendant produced referenced above (HBFL 9-64, 135-138, 155- 208), responsive to these requests? Defendant fails to identify which documents are responsive to these denials, as well as others, as set forth in its answer. Defendant should be compelled to supplement its responses and production." Motion, pgs. 8-9.

HBFL has repeatedly answered Dolemba's inquiries and has made every good faith effort to provide responses to the plaintiff's requests and interrogatories. Dolemba has no cause to complain and the example it gives confirms as much. Dolemba knows and has been advised repeatedly that HBFL denies making any calls itself as such work is done by vendors to whom HBFL, like other companies, pay established fees based on volume and territory. The documents specifically referenced by Dolemba in this example, HBFL 9-64, 135-138, 155- 208, all appear to relate to the dozens of other cases Dolemba has brought involving similar businesses and the knowledge he must thus have with regard to that very industry practice. The motion to compel should therefore be denied.

**D.  Dolemba's Motion Should Be Denied as to the Discovery "Agreed Upon in Defendant's December 20, 2018 Correspondence."**

Dolemba finally asks this Court to compel HBFL "to respond without objection to the remaining discovery requests agreed upon in defendant's December 20, 2018 correspondence." Motion, pg. 9, citing Appendix N. Dolemba is presumably referring to the following from the

correspondence which appears as Appendix N:

> "I am finalizing a supplemental response to your discovery requests here to provide more details with respect to the entities who were involved in making telephone calls with regard to HBFL's products (some of that now includes details, specific company names, that I did not have when I wrote my first response to your letter). That detail will be provided for Requests 1-5 and 12-15." Appendix N, pgs. 1-2.

> "You should... expect our response to Interrogatory 1 to be supplemented (which I will do at the end of this next week when I know who all has been involved in pulling these materials together). I will also send you a supplemental response to Interrogatory 2, including the Insertion Orders from Waverly's vendors and related materials.... We will provide supplemental responses to Interrogatories 8 and 14." Appendix N, pg. 2.

> "We are preparing supplemental responses for Requests 11, 12, 14, 15, 24, 25, and 26 to include the Insertion Orders you and I discussed in court last week as well as additional documents we have now located as aforesaid." Appendix N, pg. 2.

Since this letter of December 20, except over the course of the holiday and while counsel for the defendant was hospitalized, HBFL has continued to supplement its discovery responses in the ways specifically contemplated by the parties during the conference referenced in that correspondence. HBFL has now produced over a thousand pages of documents and Waverly has produced almost two thousand pages. With that production now complete, HBFL is also providing written supplemental responses to the Interrogatories and Requests identified in the letter of December 20 as aforesaid, which Dolemba is expected to have in hand prior to the hearing scheduled for Friday, January 18, 2019. There should thus be no remaining concerns with regard to the items discussed on December 20, 2018 and Dolemba's motion, with regard to that letter, should therefore be denied.

### III. CONCLUSION

WHEREFORE, HEARING BETTER FOR LIFE, LLC ("HBFL"), by its undersigned attorneys and pursuant to Rule 37, in response to the Motion to Compel filed by Plaintiff SCOTT

DOLEMBA ("Dolemba"), respectfully requests that this Court deny Dolemba's motion, granting HBFL such additional relief as the Court deems just and proper or to which HBFL is otherwise entitled as a matter of law.

        Respectfully submitted,

        HEARING BETTER FOR LIFE LLC

        By: /s/ Ted A. Donner
            One of its Attorneys

Ted A. Donner
Donner & Company Law Offices LLC
1125 Wheaton Oaks Court
Wheaton, Illinois 60187
(630) 588-1131
tdonner@donnerco.com