IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HERMINIA DOLEMBA, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 3269 |
| | ) | |
| vs. | ) | Magistrate Judge Cummings |
| | ) | |
| HEARING BETTER FOR LIFE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT
OR IN THE ALERNATIVE, TO ENTER JUDGMENT ON THE SETTLEMENT**

Plaintiff Herminia Dolemba respectfully requests that this Court enforce the settlement agreed upon by plaintiff and defendant Hearing Better for Life, LLC, or in the alternative to enter judgment on the parties' settlement agreement. In support thereof, plaintiff states:

1. Scott Dolemba and defendant Hearing Better for Life, LLC entered into an individual settlement agreement at arm's length and in good faith after a mediation session before this Court on September 20, 2019. (*Dkt. No. 66*) Plaintiff's counsel believes the terms of the agreement were stated on the record in open court.

2. The parties reduced their agreement to writing. A settlement agreement was fully executed between the parties by January 16, 2020. A copy of the signed agreement will be provided to the court, *in camera*, because it contains a confidentiality provision.

3. The settlement agreement provides for 12 installment settlement payments.

4. Defendant agreed to make the 12 installment payments on the last day of every month for 12 months. To date, defendant has made 3 installment payments (February 4, 2020; March 3, 2020; and partial payments on April 2 and 22, 2020).

1

5. Defendant has not made the last 3 settlement payments due April 30, 2020, May 31, 2020 and June 30, 2020. Defendant is not paying as agreed pursuant to the terms of the parties' agreement.

6. Plaintiff's counsel notified defendant's counsel of the late payments. Counsel for the parties also discussed the late payments.

7. Defendant's counsel said that the payments were held up due to the death of the plaintiff.

8. Plaintiff filed a motion to suggest of record the death of plaintiff Scott Dolemba on May 5, 2020. (*Dkt. No. 83*) The motion was granted on May 11, 2020. (*Dkt. No. 85*) Plaintiff filed a motion to substitute plaintiff on May 21, 2020. (*Dkt. No. 86*) The motion to substitute plaintiff was granted on May 26, 2020. (*Dkt. No. 88*)

9. At the court appearance on June 23, 2020, defendant's counsel reported that defendant had changed ownership and he instructed defendant to resume settlement payments.

10. Counsel for the parties continued to discuss the late payments following the June court appearance. On July 17, 2020, defendant's counsel reported that defendant is now out of business and no longer able to complete settlement payments.

11. A settlement agreement is a contract and is enforceable. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). A settlement agreement's enforcement and construction are governed by contract law. *Steadfast Insurance Company v. Auto Marketing Network, Inc.*, 2004 U.S. Dist. LEXIS 7294, at * 8 (N.D. Ill. April 28, 2004). Pursuant to Illinois law, a contract is construed "'to give effect to the parties' intent.'" *Vaughan v. American Homecare Supply, LLC*, 2007 U.S. Dist. LEXIS 27078, at *9 (N.D. Ill. April 11, 2007) *citing Home Ins. Co. v. Chicago & N.W. Transp. Co.*, 56 F.3d 763, 767 (7th Cir. 1995). "In Illinois, a motion to enforce

a settlement agreement is treated the same as a motion to enforce a contract." *Covington-McIntosh v. Mount Glenwood Memory Gardens, South Inc.*, 2002 WL 31369747, at *3 (N.D. Ill. Oct. 21, 2002).

12. For an agreement to be enforceable, there must be "an offer, acceptance, and a 'meeting of the minds' as to the material terms of the agreement." *Alliance for Water Efficiency v. Fryer*, 2014 WL 5423272 (N.D. Ill. Oct. 22, 2014) *citing Petrich v. MCY Music World, Inc.*, 862 N.E.2d 1171 (1st Dist. 2007). The agreement may be executed to be enforceable. *Lambert Court v. Evans*, 575 F.2d 132, 135 (7th Cir. 1978).

13. Plaintiff seeks specific performance of the terms of the agreement. Pursuant to *Hoxha v. LaSalle Nat'l Bank*, 847 N.E.2d 725, 728 (1st Dist. 2006), a party is entitled to specific performance when the following elements are present: (1) the existence of a valid, binding, and enforceable contract; (2) compliance by the plaintiff with the terms of the contract, or proof that the plaintiff is ready, willing, and able to perform the contract; and (3) the failure or refusal of the defendant to perform his part of the contract."

14. Plaintiff has provided a copy of the fully executed settlement agreement *in camera*. Plaintiff has also referenced the order allowing Herminia Dolemba to substitute in as plaintiff in this matter for purposes of enforcing the settlement

15. Plaintiff has communicated to defendant that settlement installment payments are due and that plaintiff has been expecting receipt of the past due payments. To date, 6 payments have been due and only 3 have been made. Thereafter, 6 additional installment payments are due.

16. Defendant has not performed as agreed pursuant to the parties' agreement.

17. Since defendant has failed to perform its obligations pursuant to the

agreement, plaintiffs seek to specifically enforce the binding agreement and requests that defendant pay the outstanding payments currently due within 14 days of entry of an order.

19. In the alternative, plaintiff seeks entry of judgment against defendant and in favor of the plaintiff in the amount the remaining installment payments due per the parties' agreement.

19. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1337 (commerce) and 1367 (supplemental jurisdiction). Plaintiff's complaint alleges claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the Illinois Consumer Fraud Act, 815 ILCS 505/2. This Court has not dismissed this case.

20. Accordingly, this Court may enforce the settlement and enter judgment on the parties' settlement agreement.

WHEREFORE, plaintiff respectfully requests that this Court enforce the parties' settlement agreement and enter an order for defendant to pay as agreed the amount currently due within 14 days of this order or in the alternative, entry of judgment against defendant and in plaintiff's favor in the amount of the remaining installment payments due per the parties' agreement.

    Respectfully submitted,

    /s/ Heather Kolbus
    Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

       I, Heather Kolbus, certify that on July 22, 2020, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF system which caused notice to be sent via email to the following:

    Ted A. Donner - tdonner@donnerco.com
    Donner & Company Law Offices, LLC
    1125 Wheaton Oaks Court
    Wheaton, IL 60187

                                            s/ Heather Kolbus
                                            Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)